UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMARI CASELLAS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, FCI-MENDOTA,<br><br>　　　　Respondent. | No. 1:23-cv-00049-SKO (HC)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION [Doc. 14]**<br><br>**ORDER DISMISSING PETITION AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE** |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. All parties having consented to the jurisdiction of a magistrate judge, the matter was assigned to the undersigned pursuant to 28 U.S.C. § 636(c) for all purposes, including entry of final judgment, on January 26, 2023. (Docs. 7, 8, 9.)

Petitioner filed the instant habeas petition on January 11, 2023. (Doc. 1.) On May 11, 2023, Respondent filed a motion to dismiss the petition. (Doc. 14.) Respondent contends the petition should be dismissed for lack of standing, failure to state a cognizable claim, and failure to exhaust administrative remedies. Petitioner did not file an opposition. Having reviewed the pleadings, the Court will GRANT Respondent's motion to dismiss the petition.

/////

/////

**DISCUSSION**

**I.      Motion to Dismiss**

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). The Court will review the motion under Rule 4 standards. See Hillery, 533 F. Supp. at 1194 & n. 12.

**II.     Background**

Petitioner is serving a 70-month term of imprisonment for his conviction of conspiracy to commit access device fraud and aggravated identity theft in violation of 18 U.S.C. §§ 1029(b)(2), 1028A.  (Doc. 14-1 at 23.[1])

Petitioner is incarcerated at Federal Correctional Institution in Mendota, California.  In his petition, Petitioner claims that the Bureau of Prisons ("BOP"), utilizing its risk and needs assessment system known as the "PATTERN" system, wrongfully found him ineligible for First Step Act ("FSA") credits because he is considered at "medium risk" for reoffending.  (Doc. 1 at 9-11.)  Petitioner has earned a total of 365 days toward early release; however, the BOP has determined him ineligible to have those credits applied.  (Doc. 14-1 at 8, 20.)  According to the BOP's records, Petitioner has not availed himself of any administrative remedies.  (Doc. 14-1 at 3.)

**III.    Failure to State a Claim**

The First Step Act was enacted on December 21, 2018, and implemented a number of prison and sentencing reforms, including computation of good time credits, reducing and restricting mandatory minimum sentences, safety valve eligibility, retroactive application of the Fair Sentencing Act, and the availability of early release. First Step Act of 2018, Pub. L. No. 115-

---

[1] Citations are to ECF pagination unless noted.

391, 132 Stat. 5194 (2018).

In accordance with 18 U.S.C. § 3632, the United States Department of Justice ("DOJ") published the risk and needs assessment system on July 19, 2019. Press Release, U.S. Dep't of Just., <u>Department of Justice Announces the Release of 3,100 Inmates Under First Step Act, Publishes Risk And Needs Assessment System</u> (July 19, 2019), https://www.justice.gov/opa/pr/department-justice-announces-release-3100-inmates-under-first-step-act-publishes-risk-and (*last visited* July 5, 2023).  Prisoners "who successfully complete[ ] evidence-based recidivism reduction programming or productive activities" "shall *earn* 10 days of time credits for every 30 days of successful participation." 18 U.S.C. § 3632(d)(4)(A) (emphasis added).  In addition, a prisoner determined "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall *earn* an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(ii) (emphasis added).

The statute limits the *application* of those time credits as follows:

> **Application of time credits toward prerelease custody or supervised release**.--Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, *as determined under section 3624(g)*, into prerelease custody or supervised release.

18 U.S.C. § 3632(d)(4)(C) (emphasis added).

Section 3624(g) sets forth which inmates can be considered "eligible" for application of earned time credits:

> **(g) Prerelease custody or supervised release for risk and needs assessment system participants**.--
>
> > **(1) Eligible prisoners**.--This subsection applies in the case of a prisoner (as such term is defined in section 3635) who--
> >
> > > (A) has earned time credits under the risk and needs assessment system developed under subchapter D (referred to in this subsection as the "System") in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment;

     (B) *has shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment*;

     (C) has had the remainder of the prisoner's imposed term of imprisonment computed under applicable law; and

     (D) (i) in the case of a prisoner being placed in prerelease custody, the prisoner--
       (I) has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner; or

       (II) has had a petition to be transferred to prerelease custody or supervised release approved by the warden of the prison, after the warden's determination that--

        (aa) the prisoner would not be a danger to society if transferred to prerelease custody or supervised release;

        (bb) the prisoner has made a good faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities; and

        (cc) the prisoner is unlikely to recidivate; or

     (ii) in the case of a prisoner being placed in supervised release, the prisoner has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner.

18 U.S.C. § 3624(g) (emphasis added).

  Thus, while the statute permits Petitioner to earn time credits under the First Step Act, it does not allow for the application of those time credits in his case, since the statute limits eligibility to those inmates who pose *a minimum to low risk* of recidivism.  As Petitioner has been determined to be at *medium risk* of recidivating, he is statutorily ineligible for application of earned time credits.  Respondent is also correct that this determination is entirely within the discretion of the BOP.  As a matter of law, 34 U.S.C. § 60541(g) grants to the Attorney General the discretion to release certain prisoners to serve the latter part of their sentence on home confinement.  Petitioner has no constitutional right to relief that is purely discretionary.  Connecticut Bd. of Pardons v. Dumschat, 452 U.S. 458, 465 (1981).  Petitioner fails to establish a statutory or constitutional right to application of earned time credits, and thus, he fails to state a

claim for relief.

## IV. Exhaustion

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."

The first step in seeking administrative remedies is a request for informal resolution. 28 C.F.R. § 542.13. When informal resolution procedures fail to achieve sufficient results, the BOP makes available to inmates a formal three-level administrative remedy process: (1) a Request for Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the geographic region in which the inmate's institution is located; and (3) a Central Office Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel. 28 C.F.R. § 542.10 et seq.

According to Respondent, Petitioner has never requested relief through the BOP's administrative remedy process and the claims are unexhausted. The exhaustion requirement "is not lightly to be disregarded." Murillo v. Mathews, 588 F.2d 759, 762, n.8 (9th Cir. 1978) (citation omitted). A "key consideration" in exercising such discretion is whether "relaxation of the requirement would encourage the deliberate bypass of the administrative scheme[.]" Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (internal quotation marks omitted). The Court finds that Petitioner has deliberately bypassed the administrative process and that the exhaustion requirement should not be excused in this case.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Respondent's motion to dismiss the petition is GRANTED;

2) The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE; and

3) The Clerk of Court is DIRECTED to enter judgment and close the case.

IT IS SO ORDERED.

Dated:   **July 13, 2023**              /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE